# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **PROGRESSIVE HAWAII** ) | |
| **INSURANCE CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | No: _____ |
| ) | |
| **ROCKY TOP WRECKER SERVICE,** ) | |
| **PLLC, MONTEAGLE WRECKER** ) | |
| **SERVICE, LLC, RODNEY KILGORE,** ) | |
| **CASSIE KILGORE, LARRY LAYNE,** ) | |
| **ASTRALEASE ASSOCIATES, INC,** ) | |
| **SIGNATURE FINANCIAL, LLC,** ) | |
| **LEMUEL JONES, and GEICO** ) | |
| **CASUALTY COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Progressive Hawaii Insurance Corp., through counsel, and for its cause of action pursuant to 28 U.S.C. §§ 2201-2202 *et seq.* and Rule 57 of the *Federal Rules of Civil Procedure*, states as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff is a corporation organized and existing under the laws of the state of Ohio with its principal place of business in Ohio and no other state.

2. Defendant Rocky Top Wrecker Service, PLLC is a Tennessee limited liability corporation with its principal place of business in Tennessee and no other state. This Defendant can be served through its registered agent Cassie Kilgore at 508 Forsite Ave., Monteagle, TN 37356.

1

3. Defendant Monteagle Wrecker Service, LLC is a Tennessee limited liability corporation with its principal place of business in Tennessee and no other state. This Defendant can be served through its agent Rodney Kilgore at 801 Dixie Lee Ave., Monteagle, TN 37356.

4. Defendant Rodney Kilgore is a citizen and resident of Marion County, Tennessee and can be served at 801 Dixie Lee Ave., Monteagle, TN 37356.

5. Defendant Cassie Kilgore is a citizen and resident of Marion County, Tennessee can be served at 508 Forsite Ave., Monteagle, TN 37356.

6. Larry Layne is a citizen and resident of Grundy County, Tennessee can be served at 92 Second St., Monteagle, TN 37356.

7. Defendant Astralease Associates, Inc. is a corporation organized and existing under the laws of the state of New York with its principal place of business in Hauppauge, New York and no other state. This Defendant can be served through its registered agent, Incorporating Services, LTD, Inc., 922 Davidson Dr., Suite B, Nashville, TN 37205-1051.

8. Defendant Signature Financial, LLC is a corporation organized and existing under the laws of the state of New York with its principal place of business in Melville, New York and no other state. This Defendant can be served through its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

9. Defendant Lemuel Jones is a citizen and resident of Jennings, Missouri and can be served at his home address of 1925 Hildred, Jennings, Missouri, 63136.

10. Defendant Geico Casualty Company is an insurance company organized and existing under the laws of the state of Maryland with its principal place of business in Maryland and no other state. This Defendant can be served through the Tennessee Commissioner of Insurance at 500 Deaderick Street, Nashville, Tennessee, 37219.

11. This court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (2) because a substantial part of the events giving rise to the claim occurred within this judicial district.

## II. THE UNDERLYING LITIGATION

12. On February 16, 2017, Lemuel Jones filed a Complaint in the Circuit Court for Marion County Tennessee under docket number 21499. A copy of the Complaint is attached hereto as Exhibit A.

13. Within the Complaint, Lemuel Jones seeks to recover damages from Larry Edward Layne, Monteagle Wrecker Service, LLC, Rodney Kilgore, Rocky Top Wrecker Service PLLC, Cassie Kilgore, Astralease Associates, Inc., and Signature Financial, LLC. Geico Casualty Company was made an unnamed party to the state court litigation pursuant to the Tennessee Uninsured Motorist Insurance Act.

14. The Complaint seeks recovery of personal injury damages against each Defendant in an amount not to exceed $1,000,000.00.

15. The Complaint alleges that on February 19, 2016 Lemuel Jones was injured when the vehicle he was operating was struck by a vehicle driven in a negligent manner by Larry Layne.

16. The Complaint alleges Larry Layne was driving within the course and scope of his employment with Monteagle Wrecker Service, LLC, Rodney Kilgore, Rocky Top Wrecker Service, PLLC and/or Cassie Kilgore at the time of the accident involving Lemuel Jones.

17. The Complaint alleges Monteagle Wrecker Service, LLC, Rocky Top Wrecker Service, PLLC, Rodney Kilgore and Cassie Kilgore are liable to Lemuel Jones under the doctrine of *respondeat superior*.

18. The Complaint alleges Monteagle Wrecker Service, LLC, Rocky Top Wrecker Service, PLLC, Rodney Kilgore, Cassie Kilgore, Astralease Associates, Inc., and/or Signature Financial, LLC., are liable to Lemuel Jones by reason of their prima facie evidence of ownership of the vehicle driven by Larry Layne pursuant to Tennessee Code Annotated § 55-10-311.

### III. THE UNDERLYING ACCIDENT

19. In the Complaint, it is alleged that a vehicular accident occurred involving vehicles driven by Lemuel Jones and Larry Layne on February 19, 2016.

20. Lemuel Jones alleges his 18 wheel semi-truck became stuck in gravel or mud and Larry Layne responded to the stuck 18 wheel semi-truck in a 1987 Freightliner tow truck, VIN 1FVXYCY91HP314114.

21. In the Complaint, Lemuel Jones alleges he was injured when Larry Layne attempted to tow the 18 wheel semi-truck from the gravel or mud.

22. The accident described herein occurred at 12:02 a.m. on February 19, 2016.

### IV. THE INSURANCE POLICIES

23. Plaintiff issued commercial auto policy number 02539908-0 (Rocky Top policy) to Rocky Top Wrecker Service with a policy period of June 23, 2015 through June 23, 2016. A copy of the policy is attached hereto as Exhibit B.

24. The Rocky Top policy lists two insured vehicles, one of which is the 1987 Freightliner tow truck driven by Larry Layne at the time of the alleged accident.

25. Larry Layne is a listed driver within the Rocky Top policy.

4

26. The Rocky Top policy was canceled effective 12:01 a.m. on February 13, 2016 for non-payment of premium.

27. Plaintiff issued commercial auto policy number 02632676-0 (Monteagle policy) to Rodney L. Kilgore, Monteagle Wrecker and Towing, with a policy period of August 21, 2015 through August 21, 2016. A copy of the policy is attached hereto as Exhibit C.

28. The Monteagle policy lists eight vehicles and one non-owned attached trailer as insured vehicles.

29. The Monteagle policy does not include the 1987 Freightliner tow truck driven by Larry Layne at the time of the alleged accident as an insured vehicle.

30. The 1987 Freightliner tow truck driven by Larry Layne at the time of the alleged accident is not an insured vehicle under the terms of the Monteagle policy.

31. Both the Rocky Top policy and the Monteagle policy impose a duty upon the insured persons or entities to promptly report each accident or loss even if they or the person seeking coverage were not at fault.

32. Larry Layne was attempting to tow the stuck 18 wheel semi-truck on behalf of Rocky Top Wrecker Service, PLLC at the time of the accident alleged in the Complaint. The Rocky Top Wrecker Service invoice No. 1361 attached hereto as Exhibit D reflects the service call made by Larry Layne and the fact that no charge for the wrecker service was applied due to the damage caused during the effort to tow the stuck 18 wheel semi-truck.

33. Larry Layne was not attempting to tow the stuck 18 wheel semi-truck on behalf of Monteagle Wrecker Service LLC at the time of the accident alleged in the Complaint.

34. Rodney Kilgore was not at the scene of the accident described in the Complaint, did not have any employees working for him at the scene of the accident described in the Complaint and did not own any of the equipment at the scene of the accident described in the Complaint.

35. Monteagle Wrecker Service LLC, or any representative on its behalf, was not at the scene of the accident described in the Complaint, did not have any employees working for it at the scene of the accident described in the Complaint and did not own any of the equipment at the scene of the accident described in the Complaint.

## V. CLAIM FOR COVERAGE

36. Upon receiving notice of the Complaint, Cassie Kilgore, Rodney Kilgore, Rocky Top Wrecker Service PLLC and Monteagle Wrecker Service, LLC called upon Plaintiff to provide them with liability insurance coverage and a defense to the litigation pursuant to either the Rocky Top policy or the Monteagle policy.

37. Plaintiff reviewed the claim for coverage under the policies and issued reservation of rights letters. The basis for the reservation of rights was the fact that the Rocky Top policy was canceled for non-payment of premium prior to the date of the accident and the Monteagle policy does not include the 1987 Freightliner tow truck driven by Larry Layne at the time of the alleged accident as an insured vehicle under the schedule of listed vehicles or as an additional insured vehicle under the policy. The reservation of rights letters are attached hereto as Exhibit E.

38. The reservation of rights letters were also based upon the failure of Cassie Kilgore, Rodney Kilgore, Rocky Top Wrecker Service, PLLC and Monteagle Wrecker Service, LLC to provide notice of the accident to Plaintiff until eleven months after the occurrence of the accident.

## VI. STATEMENT OF CLAIM

39. Plaintiff brings this action to obtain a judicial declaration that it owes no benefits or other contractual obligations to or on behalf of any Defendant pursuant to the policies of insurance identified herein for the accident identified in the Complaint filed by Lemuel Jones in the Circuit Court for Marion County Tennessee.

40. There exists no contractual or other basis upon which Plaintiff owes an obligation to defend or indemnify any Defendant against the claims asserted in the Complaint filed by Lemuel Jones in the Circuit Court for Marion County, Tennessee.

41. The Rocky Top policy was canceled prior to the date of the accident.

42. The Monteagle policy did not include the vehicle involved in the accident as an insured vehicle.

43. The Plaintiff was not provided prompt notice of the accident in violation of the duty to report imposed by each policy.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, and pursuant to 28 U.S.C. §§ 2201-2202 *et seq.* and Rule 57 of the *Federal Rules of Civil Procedure*, Progressive Hawaii Insurance Corp., brings this Declaratory Judgment action so as to obtain a declaration from the Court as to its rights and obligations under the policies identified herein. Plaintiff requests the Court Order that Plaintiff owes no obligation to or on behalf of any Defendant as a result of the Complaint filed by Lemuel Jones in the Circuit Court for Marion County, Tennessee. Plaintiff requests the Court grant it such further and general relief as it may be entitled in these premises.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

**By: /s/ John Thomas Feeney**
**John Thomas Feeney**
BPRN 11482
*Attorneys for Progressive Hawaii*
*Insurance Corp.*
424 Church Street, Suite 2230
Nashville, Tennessee 37219
(615) 242-3700