IN THE CIRCUIT COURT OF TENNESSEE FOR THE 12TH JUDICIAL
DISTRICT AT JASPER, MARION COUNTY

LEMUEL JONES

    Plaintiff,

v.                        No.: 21499

LARRY EDWARD LAYNE,
MONTEAGLE WRECKER SERVICE LLC, DBA MONTEAGLE WRECKER &
TOWING,
RODNEY KILGORE,
ROCKY TOP WRECKER SERVICE PLLC,
CASSIE KILGORE,
ASTRALEASE ASSOCIATES INC., AND
SIGNATURE FINANCIAL, LLC

    Defendants.

## COMPLAINT

Comes now the Plaintiff, Lemuel Jones, by counsel, and for his action against the Defendants would show the Court as follows:

### I. PARTIES

1. The Plaintiff, Lemuel Jones, is a citizen and resident of St. Louis, Missouri.

2. The Defendant, Larry Edward Layne (hereinafter "Defendant Layne"), to the best of Plaintiff's knowledge and belief, is and was a resident of Grundy County, Tennessee, and he can be served at his place of employment in Marion County located at Monteagle Wrecker Service, 810 Dixie Lee Ave., Monteagle TN 37356.

3. The Defendant, Monteagle Wrecker Service LLC, DBA Monteagle Wrecker & Towing (hereinafter "Defendant Monteagle Wrecker Service"), to the best of

1

Plaintiff's knowledge and belief, is a Tennessee limited liability corporation which can be served by its agent, Rodney Kilgore, at 801 Dixie Lee Avenue, Monteagle TN 37356.

4. The Defendant, Rodney Kilgore, to the best of Plaintiff's knowledge and belief, is and was a resident of Marion County, Tennessee. He can be served at 801 Dixie Lee Avenue, Monteagle TN 37356.

5. The Defendant, Rocky Top Wrecker Service PLLC (hereinafter "Rocky Top Wrecker Service"), to the best of Plaintiff's knowledge and belief, is a Tennessee limited liability corporation which can be served by its agent, Cassie L. Kilgore at 508 Forsite Ave, Monteagle TN 37356.

6. The Defendant, Cassie L. Kilgore, to the best of Plaintiff's knowledge and belief, is and was a resident of Marion County, Tennessee. She can be served at 508 Forsite Ave., Monteagle TN 37356.

7. The Defendant, Astralease Associates Inc., to the best of Plaintiff's knowledge and belief is a foreign business registered through the Tennessee Secretary of State which can be served by certified mail to Incorporating Services, LTD., Inc., 922 Davidson Drive Ste B, Nashville TN 37205-1051.

8. The Defendant, Signature Financial LLC, to the best of Plaintiff's knowledge and belief is a foreign business registered through the Tennessee Secretary of State which can be served by certified mail to Corporation Service Company, 2908 Poston Ave., Nashville TN 37203-1312.

## II. JURISDICTION AND VENUE

5. The Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages he sustained as a result of a motor vehicle

2

collision that occurred on or about February 19, 2016, in Monteagle, Marion County, Tennessee.

6. Subject matter jurisdiction herein is proper pursuant to T.C.A. §16-10-101 and T.C.A. §29-20-101, et seq.

7. Venue in Marion County, Tennessee, is proper by virtue of T.C.A. §20-4-101 and T.C.A. §29-20-308.

### III. FACTUAL ALLEGATIONS

8. On or about February 19, 2016, Lemuel Jones was inside the cab of a semi truck in Monteagle, Marion County, Tennessee.

9. Lemuel Jones' semi truck and tractor trailer became stuck in gravel and/or mud, thus tow/wrecker trucks were called to remove the truck from the gravel and/or mud.

10. Defendant Layne negligently operated a tow/wrecker truck, causing the boom of the truck to strike and enter the cab of the semi truck in which Lemuel Jones was standing, causing Lemuel Jones to fall and suffer injuries.

11. At all times relevant to this complaint, Plaintiff Lemuel Jones acted in a safe and prudent manner.

12. At all times relevant to this complaint, Defendant Layne was operating a vehicle while acting within the course and scope of his employment and/or agency with Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore.

13. At all times relevant to this complaint, Defendant Layne was operating, with permission, a vehicle owned by Monteagle Wrecker Service, Rodney Kilgore,

Rocky Top Wrecker Service, Cassie L. Kilgore, Astralease Associates Inc., and/or Signature Financial LLC.

14. At all times relevant to this complaint, Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore was/were acting by and through its/their agents and employees, including but not limited to Defendant Layne.

15. Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore was/were responsible for training Defendant Layne to operate a tow/wrecker truck safely.

16. At all times relevant to this action, Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore had adopted and implemented policies, procedures, and training materials regarding the operation of tow/wrecker vehicles in Marion County, including the vehicle involved in the incident which is the subject of this action.

17. At all times relevant to the action, the agents and employees of Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore, including but not limited to Defendant Layne, were required to comply with the aforementioned policies, procedures, and training materials.

18. At all times relevant to this action, Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore was/were required to train and supervise its/their agents and employees, including but not limited to Defendant Layne, regarding those policies, procedures, and training materials and to enforce and insure compliance with those policies, procedures, and training materials.

4

19. At all times relevant to this action, the aforementioned policies, procedures and training materials included provisions regarding the safe operation of tow/wrecker trucks were intended to benefit and protect the safety of other motorists on the road, such as Lemuel Jones.

20. Defendant Layne operated the tow/wrecker truck in a negligent manner and not in a manner consistent with the policies, procedures, and training materials referenced above.

21. As a result of the negligence described above, Lemuel Jones sustained severe bodily injuries.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

22. The Plaintiff, Lemuel Jones, avers that Defendant Layne was guilty of the following acts of common law negligence, in that he:

   a. Failed to maintain the vehicle under proper and reasonable control;

   b. Failed to maintain a proper lookout for other vehicles;

   c. Failed to operate the vehicle at an appropriate speed for the existing conditions;

   d. Failed to drive in a reasonable and prudent manner with regard for the control of the vehicle in light of the conditions; and

   e. Failed to see that which was there to be seen and take proper action with respect thereto.

5

23. The Plaintiff avers that Defendant Layne was negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision in question, constituting negligence per se:

    a. T.C.A. § 55-8-136: Failure to exercise due care; and

    b. T.C.A. § 55-10-205: Driving recklessly.

24. The Plaintiff avers that the aforementioned policies, procedures, and training materials adopted and implemented by Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore established duties owed by the Defendant(s) and its/their agents and employees, including but not limited to Defendant Layne, to the Plaintiff. The Plaintiff further avers that Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore, through its/their its agents and employees, including but not limited to Defendant Layne, were negligent in violating the duties established by those policies, procedures, and training materials, resulting in injury to Plaintiff.

25. The Plaintiff avers that Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore failed to train and/or supervise its/their agents and employees, including but not limited to Defendant Layne.

26. The Plaintiff avers that Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, and/or Cassie L. Kilgore is/are liable for the negligence of its agents and employees, including but not limited to Defendant Layne, pursuant to the law of agency and/or *respondeat superior*.

27. Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, Cassie L. Kilgore, Astralease Associates Inc., and/or Signature Financial LLC

6

has/have the negligence of Defendant Layne imputed to it/them as the registered owner(s) of the vehicle being driven at the time of the subject collision.

28. Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, Cassie L. Kilgore, Astralease Associates Inc., and/or Signature Financial LLC. negligently entrusted the vehicle in question to Defendant Layne.

29. Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, Cassie L. Kilgore, Astralease Associates Inc., and/or Signature Financial LLC is/are subject to the *prima facie* evidence of ownership (Tenn. Code Ann. §55-10-311).

30. Monteagle Wrecker Service, Rodney Kilgore, Rocky Top Wrecker Service, Cassie L. Kilgore, Astralease Associates Inc., and/or Signature Financial LLC is/are subject to the registration of the vehicle as *prima facie* evidence of ownership (Tenn. Code. Ann. § 55-10-312).

## V. CAUSATION

31. The Plaintiff avers that Defendants owed the Plaintiff the above and forgoing duties, as well as the duty of ordinary and reasonable care and the duty of safe, careful and lawful driving, but Defendants breached those duties and was/were negligent on the date of the incident. The negligence of Defendants directly and proximately caused the incident in question and resulted in injuries to Lemuel Jones and the damages sought herein.

32. As a direct and proximate result of the negligence of Defendant Layne, as well as the direct, vicarious and/or imputed negligence of the other Defendants, and their agents and employees, Lemuel Jones suffered serious, disabling, painful and permanent

7

Case 4:17-cv-00049-TRM-CHS   Document 1-1   Filed 09/20/17   Page 7 of 9   PageID #: 15

bodily injuries, causing him to become liable for medical and other expenses and to suffer an impairment to his body.

## VI. INJURIES AND DAMAGES

33. As a direct and proximate result of the Defendants' acts, omissions, negligence, statutory violations and/or other allegations set forth herein, Plaintiff Lemuel Jones alleges that he is entitled to damages, including but not limited to the following specific items of damages:

   a. Physical pain, both past and future;

   b. Emotional suffering and grief, both past and future;

   c. Health care expenses, both past and future;

   d. Loss of enjoyment of life, both past and future;

   e. Permanent impairment and partial disability;

   f. Loss of earning capacity;

   g. Costs of this cause; and

   h. All other general damages and other relief allowed under the laws of the State of Tennessee to which Plaintiff may be entitled.

## VII. RELIEF SOUGHT

WHEREFORE, THE PLAINTIFF DEMANDS AND PRAYS AS FOLLOWS:

1. For a judgment against the Defendants, and each of them, for compensatory damages in an amount to be determined, not to exceed one million dollars ($1,000,000.00), for the damages and losses suffered by Plaintiff Lemuel Jones as a

8

proximate result of the Defendants' acts, omissions, negligence, statutory violations and/or other allegations set forth herein.

2. For costs of this matter to be taxed to the Defendants.

3. For a trial by jury.

4. For such further and other general relief to which the Plaintiff may be entitled under the law.

Respectfully submitted,

Thomas R. Lewis, #023388
Judy S. Brown, # 024258
Hughes & Coleman
446 James Robertson Pkwy.
Nashville, TN 37219
800-785-2110
*Attorneys for the Plaintiff*

9